FILED

2014 JAN -2  PM 3: 40

CLEI . U.S. DISTRICT COURT
CEN. ANN DIST. OF CALIF.
SANTA ANA

BY _____

1  Payam Shahian (SBN 228406)
   pshahian@slpattorney.com
2  Karen Nakon (SBN 278423)
   knakon@slpattorney.com
3  STRATEGIC LEGAL PRACTICES, APC
4  1875 Century Park East, Suite 700
5  Los Angeles, California 90067
   Telephone:  (310) 277-1040
6  Facsimile:   (310) 943-3838

7
8  Mark D. O'Connor (SBN 157680)
   marko@omlawllp.com
9  Steve B. Mikhov (SBN 224676)
   stevem@omlawllp.com
10 O'CONNOR & MIKHOV LLP
11 640 S. San Vicente, Suite 350
   Los Angeles, California 90048
12 Telephone:  (323) 936-2274
13 Facsimile:   (323) 939-7973

14 Attorneys for Plaintiff Lori Robbins

15

16 UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA

17

| LORI ROBBINS, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY;<br><br>            Defendants. | Case Number: **SACV14-00005 JLS ( ANx)**<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL**<br>**CLASS ACTION**<br>(1)  Violation of the Song-Beverly Consumer Warranty Act;<br>(2)  Failure to Make Proper Restitution Under the Song-Beverly Consumer Warranty Act;<br>(3)  Violation of California Business & Professions Code section 17200 *et seq.*; and<br>(4)  Violation of the Consumers Legal Remedies Act |
| --- | --- |

18
19
20
21
22
23
24
25
26
27
28

1
COMPLAINT

**INTRODUCTION**

1.     Plaintiff Lori Robbins ("Plaintiff") brings this action individually and on behalf of all persons in the United States who purchased or leased certain Hyundai vehicles that were designed, manufactured, distributed, marketed, sold, and leased by Defendants Hyundai Motor America ("Hyundai USA") and Hyundai Motor Company (Hyundai Korea") (collectively, "Hyundai").

2.     Specifically, Plaintiff brings this action on behalf of persons in the United States who purchased or leased any model year Hyundai motor vehicle in the State of California and at any time from four years prior to the filing of the instant Complaint until class certification and received a vehicle repurchase or replacement offer ("Class Members").

3.     Since 2009, if not before, Hyundai knew (or should have known) that it has systematically violated the provisions of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act" or "Act") that govern the repurchase or replacement of defective vehicles from buyers.

4.     Specifically, Hyundai knew or should have known that it has systematically violated California law by repurchasing or replacing defective vehicles (1) without reimbursing or crediting the buyer for certain statutory damages, including but not limited to, registration fees for each year that the vehicle is registered, GAP insurance, full-coverage insurance for each year the vehicle is insured, extended service contracts, and (2) while improperly mandating certain deductions from the vehicles' statutorily mandated repurchase prices, such as deductions for "any condition beyond normal wear and tear," or alternatively, requiring consumers to pay for repairs at their own expense before Hyundai agrees to repurchase or replace the defective vehicles.

5.     Hyundai's improper deductions from, and failure to reimburse Plaintiff and the other Class Members for, their full statutory repurchase prices violate the

1  Song-Beverly Act, which only permits a single, narrowly-drawn deduction for

2  mileage offset.

3      6.    Accordingly, if the buyer agrees to Hyundai's repurchase or

4  replacement terms, which Hyundai itemizes in written correspondence to Class

5  Members, he or she receives less than the statutory buy-back and replacement

6  amount required under the Act.

7      7.    However, the consumers' agreement to accept any amount lower than

8  the statutory repurchase price is void under California law.  This is because

9  California Civil Code section 1790.1 states that "any waiver by the buyer of

10  consumer good of the provisions" of the Song-Beverly Consumer Warranty Act

11  "shall be deemed contrary to public policy and shall be unenforceable and void."

12  *See Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1117-18 (C.D. Cal. 2007)

13  ("[T]he Song-Beverly Act expressly allows for recovery of incidental and

14  consequential damages[,]" and "[t]he provisions of the Song Beverly Act may not

15  be waived.").

16              **SUMMARY OF THE SONG-BEVERLY ACT**

17      8.    Under the Song-Beverly Act, if an automobile manufacturer or its

18  representative does not service or repair a defective vehicle to conform to its

19  express warranties after a reasonable number of attempts, the manufacturer must, in

20  the event of a vehicle repurchase, reimburse the buyer in an amount equal to the

21  purchase price paid by the buyer, less a single permissible deduction for the

22  "amount directly attributable to use by the buyer prior to the time the buyer first

23  delivered the vehicle to the manufacturer or distributor, or its authorized service and

24  repair facility for correction of the problem that gave rise to the nonconformity."

25  Cal. Civ. Code §§ 1793.2(d)(1) & 1793.2(d)(2)(C).  Similarly, in the event of a

26  replacement vehicle, the buyer "shall only be liable to pay the manufacturer an

27  amount directly attributable to use by the buyer of the replaced vehicle prior to the

28

3

**COMPLAINT**

1    time the buyer first delivered the vehicle to the manufacturer or distributor, or its

2    authorized service and repair facility for correction of the problem that gave rise to

3    the non-conformity." *Id.*

4        9.    In other words, in the case of a repurchase, the manufacturer is only

5    allowed to reduce the repurchase price by an amount proportionate to the mileage

6    traveled prior to the buyer's first complaint of the defect (the "pre-delivery mileage

7    offset"). And in the case of a replacement, the manufacturer is only allowed to ask

8    the consumer to pay the pre-delivery mileage offset.

9        10.   Even then, however, the pre-delivery mileage offset must strictly

10   adhere to a circumscribed statutory formula:

11

12   The amount directly attributable to use by the buyer shall
     be determined by multiplying the actual price of the new
13   motor vehicle paid or payable by the buyer, including any
     charges for transportation and manufacturer-installed
14   options, by a fraction having as its denominator 120,000
     and having as its numerator the number of miles traveled
15   by the new motor vehicle prior to the time the buyer first
     delivered the vehicle to the manufacturer or distributor, or
16   its authorized service and repair facility for correction of
     the problem that gave rise to the nonconformity.

17   Cal. Civ. Code § 1793.2(d)(2)(C).

18       This constitutes the sole permissible deduction from the repurchase or

19   replacement of a defective vehicle. *See Jiagbogu v. Mercedes-Benz USA*, 118 Cal.

20   App. 4th 1235, 1243 (2004) ("Section 1793.2, subdivision (d)(2)(C), and (d)(2)(A)

21   and (B) to which it refers, comprehensively addresses replacement and restitution;

22   specified pre-delivery offset; sales and use taxes; license, registration, or other fees;

23   repair, towing, and rental costs; and other incidental damages. None contains any

24   language authorizing an offset in any situation other than the one specified. This

25   omission of other offsets from a set of provisions that thoroughly cover other

26   relevant costs indicates legislative intent to exclude such offsets.").

27

28

1      11.      From Plaintiff's and the other Class Members' repurchase price or

2   replacement vehicles, Hyundai uniformly and improperly deducted various amounts

3   beyond the pre-delivery mileage offset, including deductions for "any condition

4   beyond normal wear and tear[.]"  The Song-Beverly Act does not allow for such

5   deductions.

6      12.      Additionally, as part of the statutory repurchase price of a defective

7   vehicle, the Song-Beverly Act expressly states that the amount of restitution to the

8   buyer must include "any collateral charges such as sales tax, license fees,

9   **registration fees**, and other official fees, **plus any incidental damages** to which

10  the buyer is entitled under Section 1794, **including, but not limited to**, reasonable

11  repair, towing, and rental car costs actually incurred by the buyer."  Cal. Civ. Code

12  § 1793.2(d)(2) (emphasis added).

13     13.      However, despite this mandate, when repurchasing defective vehicles,

14  Hyundai has failed to reimburse consumers' registration fees for each year that their

15  vehicles are registered.  To the contrary, Hyundai, in its repurchase or replacement

16  offers, instructs consumers that "[a]ny pending registration fees [] must be paid by

17  you prior to the surrender date."

18     14.      In addition to its failure to reimburse registration fees, Hyundai has

19  also failed to reimburse or credit owners and lessees of repurchased or replacement

20  vehicles for all incidental and consequential damages, including, but not limited to,

21  "expenses reasonably incurred in inspection, receipt, transportation and care and

22  custody of goods rightfully rejected, any commercially reasonable charges,

23  expenses or commissions in connection with effecting cover and any other

24  reasonable expense incident to the delay or other breach."  Cal. Comm. Code §

25  2715; Cal Civ. Code § 1794.  Because GAP insurance, full-coverage insurance with

26  collision coverage, and extended service contracts are expenses reasonably incurred

27  in the care and custody of the rejected vehicles, they should be added to the

28

5
**COMPLAINT**

repurchase price or credited to the buyer towards the replacement vehicle. Accordingly, Hyundai's failure to fully reimburse or credit owners of repurchased and replacement vehicles for their GAP insurance, full-coverage insurance, and service contract expenses, are violations of the Song-Beverly Act.

15.     The purchase of an extended service contract is an incidental and consequential expense borne by the buyer as a result of his or her purchase of the defective vehicle.  Accordingly, the buyer should be reimbursed for the full amount of the extended service contract.

16.     The purchased service contract also inures to the benefit of Hyundai because it covers repair costs of certain defects not covered by the vehicle's express warranty while it remains in the buyer's care and custody prior to its delivery and surrender to Hyundai.  Therefore, for this reason too, the costs of an extended service contract constitutes recoverable damages to which Plaintiff and the other Class Members are entitled under Section 1794.

17.     Similarly, a buyer's purchase of GAP and collision-coverage insurance inures to the benefit of Hyundai while the defective vehicle remains in the buyer's care and custody prior to its return to Hyundai, insofar as the risk of a loss or any potential vehicle damage to the defective vehicle covered by the insurance while it remains in the buyer's care and custody will ultimately benefit Hyundai.  Indeed, while refusing to offer reimbursement for such insurance, after making a repurchase or replacement offer, Hyundai nevertheless mandates that the consumer "maintain full insurance coverage on the vehicle until it is delivered to HMA."  Accordingly, Hyundai must offer to reimburse the consumer for these damages as well.

18.     In sum, notwithstanding the Song-Beverly Act's unambiguous requirements, Hyundai, as a matter of corporate policy, expressly conditioned repurchase or replacement of defective vehicles on Plaintiff's and the other Class Members' acceptance of improper deductions, including for "any condition beyond

1   normal wear and tear[.]"  Further, Hyundai has uniformly failed to reimburse

2   Plaintiff and the other Class Members for certain statutorily mandated damages,

3   including registration fees for each year that the vehicle is registered, GAP

4   insurance, full-coverage insurance for each year the vehicle is insured, and

5   extended service contracts.  The Song-Beverly Act requires that Hyundai reimburse

6   Plaintiff and Class Members for these damages.

7                                          **PARTIES**

8   **Plaintiff**

9           19.     Plaintiff Lori Robbins is a California citizen who resides in Mira

10  Loma, California.

11          20.     On or about May 9, 2011, Ms. Robbins purchased a new 2011

12  Hyundai Sonata (the "subject vehicle") from Cardinale Automotive Group in

13  Corona, California.  The total amount paid or payable for the subject vehicle is

14  approximately $40,384.56.  Ms. Robbins purchased her vehicle primarily for her

15  personal, family, or household purposes.  The vehicle was manufactured, sold,

16  distributed, advertised, marketed, and warranted by Hyundai. .

17          21.     At the time of purchase, Ms. Robbins paid $2,490 for a third-party

18  extended service contract from Fidelity.

19          22.     Additionally, at the time of purchase, as part of the purchase price, Ms.

20  Robbins paid $750 for GAP insurance.

21          23.     In connection with Ms. Robbins's purchase of the subject vehicle,

22  Hyundai provided Ms. Robbins with an express warranty, under which it agreed to

23  preserve or maintain the utility or performance of the vehicle.

24          24.     During the warranty period, Ms. Robbins' vehicle developed certain

25  defects, including but not limited to certain defects with the vehicle's engine,

26  transmission, axles, electrical system, and interior components, which Hyundai

27

28

1  and/or its representatives in this state failed to repair after a reasonable number of

2  repair attempts.

3       25.    On or about August 26, 2013, Ms. Robbins, via telephone, demanded

4  Hyundai repurchase the subject vehicle, consistent with its obligations under

5  California's lemon laws.

6       26.    In response, in a letter dated September 26, 2013, Hyundai U.S.A.

7  offered to repurchase the subject vehicle, as required by the Song-Beverly Act.  The

8  letter was followed by an email on October 7, 2013 from Hyundai U.S.A. to Ms.

9  Robbins, itemizing the various deductions it intended to make from the repurchase

10  price.   Hyundai's repurchase offer was subject to various improper qualifications

11  and deductions.

12       27.    First, Hyundai advised Ms. Robbins that it would deduct amounts

13  beyond the pre-delivery mileage offset from the repurchase price: "If any condition

14  beyond normal wear and tear has not been corrected, you will be responsible for

15  correcting it before the vehicle is surrendered to HMA, or you will be responsible

16  for reimbursing HMA for the cost of repair."  The Song-Beverly Act does not

17  permit deductions beyond the pre-delivery mileage offset.

18       28.    Second, although the Song-Beverly Act requires Hyundai to include,

19  as part of its repurchase price, registration fees for all years that a vehicle is

20  registered, Hyundai advised Ms. Robbins that it would not reimburse her for any

21  registration fees: "Any pending state registration fees []must be paid by you prior to

22  the surrender date[.]"  Indeed, in the itemized deduction worksheet emailed to Ms.

23  Robbins, Hyundai failed to reimburse any registration fees Ms. Robbins has

24  incurred to date.

25       29.    Third, Hyundai's proposed repurchase price improperly and expressly

26  excludes the costs of the extended service contract that Ms. Robbins purchased for

27  $2,490 from Fidelity: "You must request that any sums due from the cancellation of

28

1    the service contract be forwarded to you directly from the service contract

2    provider[]," even though there is nothing in the Song-Beverly Act allowing

3    manufacturers and distributors of defective vehicles to delegate their statutory

4    mandated obligation to other entities.

5          30.    Fourth, Hyundai expressly excludes from the proposed repurchase

6    price the costs of the GAP insurance that at the time of vehicle purchase Ms.

7    Robbins purchased for $750.

8          31.    Fifth, Hyundai also fails to include in the proposed repurchase price

9    the costs of the full-coverage insurance with collision coverage paid by Ms.

10   Robbins.  In fact, Ms. Robbins will be forced to continue to pay for the full-

11   coverage insurance for this defective vehicle until Hyundai fully complies with its

12   statutory obligations and offers Plaintiff and other similarly situated Class Members

13   the full statutory repurchase or replacement price they deserve under the Song-

14   Beverly Act.

15         32.    Indeed, not only does Hyundai refuse to pay for such insurance,

16   Hyundai makes maintenance of full-coverage insurance a pre-condition for its

17   statutory obligation to repurchase the subject vehicle: "You will maintain full

18   insurance coverage of the vehicle until it is delivered to HMA[.]"

19         33.    Accordingly, as a result of these improper deductions and failure to

20   reimburse claims, Hyundai's proposed repurchase offer communicated to Ms.

21   Robbins falls thousands of dollars below what Hyundai is required to offer Plaintiff

22   under the Song-Beverly Act.

23   **Defendant**

24         34.    Hyundai Motor America is a California corporation with its

25   headquarters in Fountain Valley, Orange County, California.

26         35.    Hyundai Motor Company is a South Korean multinational automaker

27   headquartered in Seoul, South Korea.

28

36.     At all times relevant herein, Hyundai was and is engaged in the business of manufacturing, designing, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in California and throughout the United States of America.

## JURISDICTION AND VENUE

37.     This is a class action.

38.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs. This Court also has jurisdiction because this action also alleges claims pursuant to 15 U.S.C. section 2310.

39.     This Court has jurisdiction over Hyundai because it maintains its principal headquarters in California, is registered to conduct business in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through promotion, sales, marketing and distribution of its vehicles in California, to render the exercise of jurisdiction by this Court proper and necessary.

40.     Venue is proper in this district under 28 U.S.C. § 1391 because, inter alia, at least one Defendant resides in this district and a substantial part of the events giving rise to Plaintiffs claims occurred in this district.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23 (b)(3) (b)(1) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions, and is defined as follows:

**COMPLAINT**

All persons in the United States who purchased or leased in the State of California any model year Hyundai motor vehicle at any time from four years prior to the filing of the instant Complaint until class certification and who have received a vehicle repurchase or replacement offer.

42.     Excluded from the Class are Hyundai; any affiliate, parent, or subsidiary of Hyundai; any entity in which Hyundai has a controlling interest; any officer or director of Hyundai; any successor or assign of Hyundai; and any Judge to whom this case is assigned as well as his or her immediate family and staff.

43.     Numerosity:  Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual Class Members are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes that Hyundai has, in connection with vehicle repurchases from thousands of Class Members, made improper deductions from, and/or failed to include all statutorily mandated damages to, the repurchase or replacement price of the defective vehicles.

44.     Existence and predominance of common questions:  Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class Members.  These common questions include, but are not limited to, the following:

        a.     Whether Hyundai conditioned vehicle repurchases or replacements on Plaintiff's and the other Class Members' acceptance of deductions impermissible under the Song-Beverly Act, including for "any condition beyond normal wear and tear";

        b.     Whether Hyundai failed to credit or reimburse Class Members for all statutorily mandated damages under the Song-Beverly Act, including but not limited to registration fees for each year

11

**COMPLAINT**

1           the vehicle was registered, the costs of GAP insurance, the costs

2           of full-coverage insurance for each year the vehicle was insured,

3           and the costs of extended service contracts;

4      c.    Whether Hyundai breached its express warranty and the implied

5           warranty of merchantability under the Song-Beverly Act by

6           failing to provide Plaintiff and prospective Class Members with

7           full statutory repurchase or replacement.

8      d.    Whether Hyundai has engaged in unlawful, unfair, or fraudulent

9           business practices in violation of California Business and

10           Professions Code' section 17200 *et seq.*, as alleged in this

11           complaint;

12      e.    Whether Hyundai's willful failure to provide consumers with

13           full statutory repurchase or replacement vehicles under the

14           Song-Beverly Act should subject it to punitive damages;

15      f.    Whether Plaintiffs and the other Class Members are entitled to

16           equitable relief and injunctive relief;

17      g.    Whether Plaintiffs and the other Class Members are entitled to

18           statutory damages and other monetary relief;

19      h.    Whether Hyundai's conduct as alleged herein violates the Song-

20           Beverly Act, the CLRA and/or the UCL.

21      45.    Typicality:  Plaintiff's claims are typical of the claims of the Class,

22  because, among other things, Hyundai's offer to repurchase Plaintiff's vehicle

23  improperly deducted costs beyond the pre-delivery mileage offset and failed to

24  include all statutorily mandated damages.

25      46.    Adequacy:  Plaintiff is an adequate representative of the Class because

26  her interests do not conflict with the interests of the Class Members she seeks to

27  represent.  Plaintiff has retained counsel competent and experienced in complex

28

**COMPLAINT**

class action and automobile defect litigation, and Plaintiff intends to prosecute this action vigorously.  The interests of the Class Members will be fairly and adequately protected by Plaintiff and her counsel.

47.   Superiority:  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Hyundai economically feasible.  Even if the Class Members themselves could afford such individualized litigation, it would place an excessive and unnecessary burden on the court system.  In addition to the burden and expense of managing myriad actions arising from Hyundai's improper repurchase and replacement offers, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

48.   In the alternative, the Class may be certified under Rule 23(b)(1) and 23(b)(2) because:

a.   The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Hyundai;

b.   The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications,

**COMPLAINT**

1    or substantially impair or impede their ability to protect their

2    interests; and

3      **c.**    Hyundai has acted or refused to act on grounds generally

4    applicable to the Class, thereby making appropriate final and

5    injunctive relief with respect to the Class Members as a whole.

6                          **FIRST CAUSE OF ACTION**

7    **(Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§**

8                              **1790 *et seq.*)**

9      49.    On behalf of herself and all others similarly situated, Plaintiff

10   incorporates by reference each preceding and succeeding paragraph as though fully

11   set forth at length herein.

12     50.    Pursuant to the Song-Beverly Act, Cal. Civ. Code §§ 1790 *et seq.*,

13   Plaintiff's and the other Class Members' vehicles constitute "consumer goods" used

14   primarily for family or household purposes, and Plaintiff and the other Class

15   Members have used the vehicles primarily for those purposes.

16     51.    Plaintiff and the other Class Members are "buyers" of consumer goods

17   under the Song-Beverly Act.

18     52.    Hyundai is a "manufacturer" and/or "distributor" under the Song-

19   Beverly Act.

20     53.    The vehicle purchase agreements with Plaintiff and the other Class

21   Members were accompanied by an implied warranty that the vehicles were

22   merchantable.  The sales of the vehicles to Plaintiff and the other Class Members

23   were also accompanied by an implied warranty of fitness.

24     54.    The defects and nonconformities to warranty in Plaintiff's and the

25   other Class Members' vehicles manifested themselves within the applicable express

26   warranty period.  The nonconformities impaired the use, value, and/or safety of the

27   vehicles.

28

                              **COMPLAINT**

55.   Plaintiff and the other Class Members delivered their vehicles to authorized Hyundai repair facilities for repair of the non-conformities.

56.   Hyundai was unable to conform Plaintiff's and the other Class Members' vehicles to the applicable express and implied warranties after a reasonable number of repair attempts.

57.   Hyundai was unable to conform Plaintiff's and the other Class Members' vehicles to the applicable express and implied warranties after a reasonable amount of time.

58.   Notwithstanding Plaintiff's and the other Class Members' entitlement, as well as Hyundai's admission that the Class Vehicles qualify for statutory repurchase or replacements under the Song-Beverly Act, Hyundai has failed either to replace the vehicles promptly or to make restitution promptly, in accordance with the Song-Beverly Act.

59.   By Hyundai's failure to issue proper refunds or replacements for vehicles it has admitted qualify under the Song-Beverly Act, Hyundai is in breach of its obligations under the Song-Beverly Act.

60.   Plaintiff and the other Class Members are entitled to justifiably revoke acceptance of their vehicles under the Song-Beverly Act.

61.   Under the Song-Beverly Act, Plaintiff and the other Class Members are entitled to reimbursement of the price paid for the vehicles less that amount directly attributable to use by Plaintiff and the other Class Members prior to discovery of the nonconformities.

62.   In addition to vehicle repurchase or replacement, Plaintiff and the other Class Members are entitled to all incidental, consequential, and general damages resulting from Hyundai's failure to comply with its obligations under the Song-Beverly Act.

1    63.    Plaintiff and the other Class Members are entitled under the Song-

2    Beverly Act to recover as part of the judgment a sum equal to the aggregate amount

3    of costs and expenses, including attorneys' fees reasonably incurred in connection

4    with the commencement and prosecution of this action.

5    64.    Plaintiff and the other Class Members are entitled, in addition to the

6    amounts recovered, to recover all statutory damages for Hyundai's willful failure to

7    comply with its responsibilities under the Song-Beverly Act.

8                          **SECOND CAUSE OF ACTION**

9      **(Failure to Make Proper Restitution Under the Song-Beverly Consumer**

10                     **Warranty Act, Cal. Civ. Code § 1794.)**

11   65.    On behalf of herself and all others similarly situated, Plaintiff

12   incorporates by reference each preceding and succeeding paragraph as though fully

13   set forth at length herein.

14   66.    Under the Song-Beverly Act, if an automobile manufacturer or its

15   representative does not service or repair a defective vehicle to conform to its

16   express warranties after a reasonable number of attempts, the manufacturer must

17   "reimburse the buyer in an amount equal to the purchase price paid by the buyer,"

18   less a single permissible deduction for the "amount directly attributable to use by

19   the buyer prior to the time the buyer first delivered the vehicle to the manufacturer

20   or distributor, or its authorized service and repair facility for correction of the

21   problem that gave rise to the nonconformity." Cal. Civ. Code §§ 1793.2(d)(1) &

22   1793.2(d)(2)(C). Similarly, in the event of a replacement vehicle, the buyer "shall

23   only be liable to pay the manufacturer an amount directly attributable to use by the

24   buyer of the replaced vehicle prior to the time the buyer first delivered the vehicle

25   to the manufacturer or distributor, or its authorized service and repair facility for

26   correction of the problem that gave rise to the non-conformity." *Id.*

27

28

1    67.    Even then, however, the pre-delivery mileage offset must strictly

2  adhere to a circumscribed statutory formula:

> The amount directly attributable to use by the buyer shall
> be determined by multiplying the actual price of the new
> motor vehicle paid or payable by the buyer, including
> any charges for transportation and manufacturer-installed
> options, by a fraction having as its denominator 120,000
> and having as its numerator the number of miles traveled
> by the new motor vehicle prior to the time the buyer first
> delivered the vehicle to the manufacturer or distributor,
> or its authorized service and repair facility for correction
> of the problem that gave rise to the nonconformity.

Cal. Civ. Code § 1793.2(d)(2)(C).

10    68.    Plaintiff's and the other Class Members' vehicles had nonconformities

11  covered by the express warranty that substantially impaired their use of the

12  vehicles.  The vehicles were presented to Hyundai's dealers for repairs of the

13  nonconformities on multiple occasions, but Hyundai was unable to repair the

14  nonconformities.

15    69.    Hyundai has acknowledged its obligation under the Song-Beverly Act

16  to repurchase or replace Plaintiff's and the other Class Members' vehicles based on

17  the failure to repair the nonconformities.

18    70.    Plaintiff is informed and believes and based thereon alleges that

19  Hyundai is aware that deductions from the repurchase price beyond that specifically

20  authorized in Civil Code section 1793.2(d)(2) are not allowed.

21    71.    Notwithstanding this knowledge, Hyundai has refused to make

22  restitution to Plaintiff and the other Class Members in accordance with section

23  1793.2(d)(2), because Hyundai insists that the costs of "any condition beyond

24  normal wear and tear" be deducted from the repurchase price.

25    72.    Additionally, the Song-Beverly Act expressly states that the amount of

26  restitution to the buyer must include "any collateral charges such as sales tax,

27  license fees, **registration fees**, and other official fees, **plus any incidental**

28

1    **damages** to which the buyer is entitled under Section 1794, including, but not

2    limited to, reasonable repair, towing, and rental car costs actually incurred by the

3    buyer." Cal. Civ. Code § 1793.2(d)(2) (emphasis added).

4         73.    Those incidental damages include "expenses reasonably incurred in

5    inspection, receipt, transportation and care and custody of goods rightfully rejected,

6    any commercially reasonable charges, expenses or commissions in connection with

7    effecting cover and any other reasonable expense incident to the delay or other

8    breach." Cal. Comm. Code § 2715; Cal Civ. Code § 1794.

9         74.    Because registration fees are explicitly enumerated in section

10   1793.2(d)(2), and because GAP insurance, full-coverage insurance, and extended

11   service contracts are expenses reasonably incurred in the care and custody of the

12   rejected vehicles, Hyundai's failure to add these amounts to the repurchase price

13   violates the Song-Beverly Act.

14        75.    Pursuant to Civil Code section1793.2(d)(2)(B), in addition to the

15   statutory repurchase price, Plaintiff and the other Class Members are entitled to all

16   consequential and incidental damages, such as reimbursement for each year's

17   registration that the vehicle was registered, the costs of GAP insurance, the costs of

18   full-coverage insurance for each year the vehicle was insured, and the costs of

19   extended service contracts.

20        76.    Hyundai's refusal to make restitution in accordance with Civil Code

21   section 1793.2(d)(2) is willful because it is not the result of a good faith and

22   reasonable belief that the facts imposing the statutory obligation were not present.

23   As such, Plaintiff and the other Class Members are entitled to civil penalties of two

24   times the amount of actual damages under Civil Code section 1794(c), in addition

25   to all statutory damages allowed under the Song-Beverly Act, including but not

26   limited to the full repurchase price without any improper deduction, and

27   reimbursement for all expenses allowable under the Song-Beverly Act.

28

77.     Hyundai does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22.  For example to be a "qualified third-party dispute resolution process" under Civil Code §1793.22(d), the process must satisfy nine conditions, including §1793.22(d)(5), which requires that restitution be made in accordance with §1793.2(d)(2).  Because, inter alia, Hyundai's dispute resolution process does not satisfy this condition, Plaintiff and the other Class Members are also entitled to civil penalties pursuant to §1794(e)(1), which does not require a showing of willfulness.

78.     Pursuant to Civil Code section1794, Plaintiff is entitled to her reasonable attorney's fees and costs and any other statutory damages allowable under the Song-Beverly Act.

**THIRD CAUSE OF ACTION**

**(Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

79.     On behalf of herself and all others similarly situated, Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

80.     California Business & Professions Code section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.

81.     Plaintiff is also informed and believes and based thereon alleges that since 2009, if not before, Hyundai has known or should have known that deductions for abnormal wear and tear and vehicle damage from the repurchase or replacement price is not allowed under California Civil Code section 1793.2(d)(2). Plaintiff is also informed and believes and based thereon alleges that since 2009, if not before, Hyundai has known or should have known that consumers must be reimbursed or credited for all their statutory mandated damages under the Song-

1    Beverly Act, including registration for each year the vehicle was in service, as well

2    as costs associated with GAP insurance, full-coverage insurance, and extended

3    service contracts.

4         82.    Notwithstanding this knowledge, Hyundai has continued to make

5    material misrepresentations and omissions in connection with its obligations under

6    the Song-Beverly Act.  Specifically, Hyundai has made material misrepresentations

7    and omissions in its statutory and repurchase and replacement offers to Class

8    Members, including (1) its failure to advise Class Members that deducting for "any

9    conditions beyond normal wear and tear" is not allowed under the Song-Beverly

10   Act; (2) its failure to advise Class Members that they are entitled to reimbursement

11   for vehicle registration for each year that the vehicle is in service; (3) its failure to

12   advise Class Members that they are entitled to reimbursement for GAP insurance;

13   (4) its failure to advise Class Members that they are entitled to reimbursement for

14   each year they paid for collision damage insurance; and (5) its failure to advise

15   Class Members that they are entitled to full reimbursement for service contracts.

16        83.    By its conduct, Hyundai has engaged in unfair competition and

17   unlawful, unfair, and fraudulent business practices.

18        84.    Specifically, Hyundai's conduct as alleged herein is unfair because it

19   offends public policy and is substantially injurious to consumers.

20        85.    Furthermore, Hyundai's conduct as alleged herein is unlawful because

21   it violates the various provisions of the Song-Beverly Act and the CLRA.

22        86.    Hyundai's conduct is also fraudulent because it is likely to deceive a

23   reasonable consumer as to their legal rights and Hyundai's obligations under the

24   Song-Beverly Act.

25        87.    Hyundai's unfair or deceptive acts or practices occurred repeatedly in

26   Hyundai's trade or business and were capable of deceiving a substantial portion of

27   the purchasing public.

28

**COMPLAINT**

88.     As a direct and proximate result of Hyundai's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

89.     Hyundai has been unjustly enriched and should be required to make restitution to Plaintiffs and the Class pursuant to sections 17203 and 17204 of the Business & Professions Code.

**FOURTH CAUSE OF ACTION**

**(Violations of the Consumers Legal Remedies Act,**

**Cal. Civ. Code §§ 1750 *et seq.*)**

90.     On behalf of herself and all others similarly situated, Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

91.     California Civil Code section 1750 *et seq.* prohibit unfair and deceptive acts and practices in transactions involving consumer goods and services.

92.     As described herein, Hyundai made material omissions and misrepresentations in connection with the repurchase or replacement of the Class Vehicles under the Song-Beverly Act.  Hyundai knew that its misrepresentations and material omissions in connection with the Hyundai vehicles' repurchase or statutorily mandated replacement price were prohibited by law and could be reasonably relied upon by consumers, including Plaintiff and the other Class Members.  As a result of Hyundai's omissions and material misrepresentations, Plaintiff and the other Class Members have suffered and will continue to suffer damages.

93.     Specifically, Hyundai has made material misrepresentations and omissions in its statutory and repurchase and replacement offers to Class Members, including (1) its failure to advise Class Members that deducting for "any conditions beyond normal wear and tear" is not allowed under the Song-Beverly Act; (2) its

21

**COMPLAINT**

failure to advise Class Members that they are entitled to reimbursement for vehicle registration for each year that the vehicle is registered; (3) its failure to advise Class Members that they are entitled to reimbursement for GAP insurance; (4) its failure to advise Class Members that they are entitled to reimbursement for each year they paid for collision damage insurance; and (5) its failure to advise Class Members that they are entitled to full reimbursement for service contracts.

94.     Hyundai engaged and continues to engage in such unlawful and prohibited acts and practices in violation of section 1770(a)(5), (7), (13), (14), (15), (16) and (19), including, without limitation, the following:

(a)     Representing that the repurchase or replacement transactions under the Song-Beverly Act have characteristics and benefits that they do not have, Cal. Civ. Code § 1770(a)(5);

(b)     Representing that the repurchase and replacement transactions under the Song-Beverly Act are of a particular standard, quality, or grade, when they are of another, *id.* § 1770 (a)(7);

(c)     Making false and/or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions or credits in connection with repurchase or replacement transactions, *id.* § 1770 (a)(13);

(d)     Representing that the repurchase and replacement transactions described herein conferred or involved rights, remedies, or obligations that they did not, and that were in fact prohibited by law, *id.* § 1770 (a)(14);

(e)     Representing that the vehicle and/or repurchase or replacement agreement had been supplied in accordance with previous representations when in fact they had not, *id.* § 1770 (a)(16), and

(e)     Inserting unconscionable provisions into the replacement and repurchase agreements that required Class Members to waive their statutory right to full repurchase or replacement under the Song-Beverly Act, *id.* § 1770 (a)(19).

95.     Plaintiff and the other Class Members suffered injuries as described above as a direct and proximate result of Hyundai's acts and practices.

96.     Hyundai will continue these unlawful practices unless and until enjoined by this Court. Plaintiff's injunctive claim is being brought on behalf of the general public pursuant to *Broughton v. Cigna Healthplants of California*, 21 Cal. 4th 1066 (1999), and, therefore, is not subject to class certification.

97.     Specifically, Plaintiff seeks an injunction requiring Hyundai to refrain from representing to consumers that deductions beyond the pre-delivery offset, including for "any conditions beyond normal wear and tear," are permissible, and requiring Hyundai to advise consumers that they are entitled, in connection with Hyundai's repurchase and replacement offers, to reimbursement for the costs of GAP insurance, full coverage insurance, and extended service contracts.   In addition, Plaintiff seeks an injunction requiring Hyundai to advise Class Members that, in connection with vehicle repurchase offers, they are entitled to registration fees for each year that the vehicle is registered.

98.     Plaintiff will provide Hyundai with notice of its alleged violations of the CLRA pursuant to California Civil Code section 1782(a). If, within 30 days of the date of the notification letter, Hyundai fails to provide appropriate relief for its violations of the CLRA, Plaintiff will amend this complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief that she seeks now.

## FIFTH CAUSE OF ACTION

### (Violations of the Magnuson-Moss Warranty Act.

### 15 U.S.C. §§ 2301 *et seq.*)

99.    On behalf of herself and all others similarly situated, Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

100.    Plaintiff and the other Class Members are "consumers" as defined in the Magnuson-Moss Warranty Act (the "Mag-Moss Act"), 15 U.S.C. § 2301(3).

101.    Hyundai is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

102.    The Class Vehicles are "consumer products" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

103.    In addition to the express warranty, in connection with the sale of the vehicles to Plaintiff and the other Class Members, an implied warranty of merchantability was created under California law.  The Class Vehicles' implied warranties were not disclaimed as a result of a Buyer's Guide being displayed on the vehicles; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c)

104.    Hyundai violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Class Vehicles.

105    Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement and express warranty and implied warranty, except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of Hyundai and/or by operation of law.

**COMPLAINT**

1    106.   As a direct and proximate result of the acts and omissions of

2    Hyundai, Plaintiff and the other Class Members have been damaged in the form of

3    statutory, general, special and actual damages in an amount within the jurisdiction

4    of this Court, according to proof at trial.

5    107.   Under the Mag-Moss Act, Plaintiff and the other Class Members are

6    entitled to reimbursement of the amounts paid under the purchase/lease

7    agreements.

8    108.   Plaintiff and the other Class Members are entitled to all incidental,

9    consequential, and general damages resulting from Hyundai's failure to comply

10   with its obligations under the Mag-Moss Act.

11   109.   Plaintiff and the other Class Members are entitled under the Mag-

12   Moss Act to recover as part of the judgment a sum equal to the aggregate amount

13   of costs and expenses, including attorney's fees, reasonably incurred in

14   connection with the commencement and prosecution of this action pursuant to 15

15   U.S.C. § 2310(d)(2).

## PRAYER FOR RELIEF

16

17   WHEREFORE, Plaintiff, on behalf of herself and the other Class Members,

18   respectfully requests the following:

19   a.   An order certifying the proposed Class, designating Plaintiff as

20   named representative of the Class, and designating the

21   undersigned as Class Counsel;

22   b.   An order enjoining Hyundai from further deceptive repurchase

23   and replacement practices under the Song-Beverly Act;

24   c.   An award to Plaintiff and the Class for compensatory,

25   exemplary, statutory, treble, and punitive damages, including

26   pre-judgment interest, in an amount to be proven at trial,

27   except that for now, Plaintiff seeks only equitable and

28

**COMPLAINT**

1    injunctive relief with respect to her claims under California's
2    Consumer Legal Remedies Act, California Civil Code section
3    1750 *et seq.*;

4    d.    Any and all remedies provided pursuant to the Song-Beverly
5    Act, Cal. Civ. Code sections 1790 *et seq.*, including California
6    Civil Code section 1794;

7    e.    Civil penalties pursuant to Civil Code sections 1794.

8    f.    A declaration that Hyundai will make full restitution to
9    Plaintiffs and Class Members, including all incidental and
10    consequential  damages with their statutory repurchase and
11    replacement remedies;

12    g.    An award of attorneys' fees and costs, as allowed by law;

13    h.    An award of pre-judgment and post-judgment interest, as
14    provided by law;

15    i.    Leave to amend the Complaint to conform to the evidence
16    produced during discovery and at trial; and

17    Such other relief as may be appropriate under the circumstances.

18    **<u>DEMAND FOR JURY TRIAL</u>**

19    Plaintiff demands a trial by jury on all claims so triable.

21    Dated:  January 2, 2014                     Respectfully submitted,

23    By: _____
24    Karen E. Nakon
      Strategic Legal Practices, APC
25    Attorneys for Plaintiff Lori Robbins

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

LORI ROBBINS, on behalf of herself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY

**(b)** County of Residence of First Listed Plaintiff   Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Payam Shahian (SBN 228406); Karen E. Nakon (SBN 278423)
STRATEGIC LEGAL PRACTICES, APC, 1875 Century Park East, Suite 700
Los Angeles, California 90067, Telephone: (310) 277-1040

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
USC Sec.1332(d) pursuant to CAFA; CA class action for violation of CA's consumer protection statutes & the Magnuson-Moss Warranty Act, 15 USC Sec 2301.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV14-00005 JLS ( ANx)**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true?** If so, check the one that applies:

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true?** If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | .Southern |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: January 2, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Josephine L. Staton_____ and the assigned Magistrate Judge is _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-00005 JLS ( ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 2, 2014_____
Date

By   _M. Barr_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)   NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES