MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
DARLENE M. CHO (SBN 251167)
dcho@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
HYUNDAI MOTOR AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ROBBINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY,<br><br>Defendants. | Case No.: SACV14-00005 JLS (ANx)<br><br>Assigned to Hon. Josephine L. Staton<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)**<br><br>Hearing:<br>Date:  November 21, 2014<br>Time:  2:30 p.m.<br>Ctrm:  10A<br>    411 West Fourth Street<br>    Santa Ana, CA 92701<br><br>Complaint filed:  Jan. 2, 2014 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

MEMO. OF Ps & As ISO HMA'S MOTION
TO DISMISS FIRST AM. COMPL.
PURSUANT TO F.R.C.P. 12(b)(6) AND 9(b)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. i

II.     PROCEDURAL BACKGROUND ...........................................................2

III.    RELEVANT FACTS AS ADMITTED BY PLAINTIFF OR FROM
        JUDICIALLY-NOTICEABLE DOCUMENTS .........................................3

IV.     PLEADING STANDARD APPLICABLE TO PLAINTIFF'S
        CLAIMS .............................................................................................4

V.      DISCUSSION ......................................................................................6

        A.      Plaintiff's Claim that a Manufacturer Forfeits the Mileage
                Offset When a Repair Takes 30 Days or More Is Not Legally
                Cognizable. ...........................................................................6

        B.      Plaintiff Fails to Allege Sufficient Facts Supporting Her Claim
                That HMA Miscalculated the Mileage Offset. ..........................10

        C.      Plaintiff Lacks Standing to Allege a Claim Based on HMA's
                Statement In Regards to Damage "Other Than Normal Wear
                and Tear" and the Claim Is Unsupported by the Relevant
                Correspondence In Any Event. ...............................................12

        D.      Plaintiff's UCL Claim Must Be Dismissed. ............................15

        E.      Plaintiff's Claim Under the Magnuson-Moss Warranty Act
                Fails.....................................................................................16

VI.     CONCLUSION ..................................................................................17

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

i

MEMO. OF Ps & As ISO HMA'S MOTION
TO DISMISS FIRST AM. COMPL.
PURSUANT TO F.R.C.P. 12(b)(6) AND 9(b)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahmad v. Countrywide Home Loans, Inc.*,
   No. No. 2:12-cv-1331 MCE, 2013 U.S. Dist. LEXIS 67995 (E.D.
   Cal. May 13, 2013)..................................................................................15

*Am. Title Ins. Co. v. Lacelaw Corp.*,
   861 F.2d 224 (9th Cir. 1988)...................................................................12

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .............................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................5

*Berenblat v. Apple, Inc.*,
   Nos. 08-4969, 09-1649, 2010 U.S. Dist. LEXIS 46052 (N.D. Cal.
   Apr. 7, 2010) ..........................................................................................15

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)................................................................17

*Cummins, Inc. v. Superior Court*,
   36 Cal. 4th 478 (2005) .............................................................................2

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006)..................................................................17

*In re Google AdWords Litig.*,
   No. 08-3369-EJD, 2012 U.S. Dist. LEXIS 1216, 2012 WL 28068
   (N.D. Cal. Jan. 5, 2012) .........................................................................16

*Ibrahim v. Ford Motor Co.*,
   214 Cal. App. 3d 878 (1989)............................................................8, 9, 14

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009).................................................................5

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) .........................................................................16

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

i

MEMO. OF Ps & As ISO HMA'S MOTION
TO DISMISS FIRST AM. COMPL.
PURSUANT TO F.R.C.P. 12(b)(6) AND 9(b)

*Kraus v. Trinity Management Services, Inc.*,
   23 Cal. 4th 116 (2000) ...................................................................16

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) ...................................................................15

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .......................................................................15

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (2003)...........................................................8

*Mullis v. U.S. Bankruptcy Court, Dist. of NV.*,
   828 F.2d 1385 (9th Cir. 1987)..........................................................5

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984)............................................................4

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)............................................................4

*Vess v. Ciba-Gelgy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)..........................................................5

*Warth v. Seldin*,
   422 U.S. 490 (1975) .......................................................................13

**Statutes**

Cal. Bus. & Prof. Code § 17200..............................................2, 3, 15, 16

Cal. Bus. & Prof. Code § 17204....................................................................15

Cal. Civ. Code § 1781 .....................................................................................2

Cal. Civ. Code § 1793.2 .........................................................................*passim*

Cal. Civ. Code § 1793.22 ................................................................................9

Cal. Civ. Code § 1794 ...............................................................................2, 9

Fed. R. Civ. P. 8(a)(2) ................................................................................5, 6

Fed. R. Civ. P. 9(b)................................................................................*passim*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ....................................2, 3, 16, 17

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1

222720-10001

iii

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

## I.    **INTRODUCTION**

In the First Amended Complaint ("FAC"), Plaintiff Lori Robbins ("Plaintiff") alleges that HMA violated California's Song-Beverly Consumer Warranty Act:  (1) because HMA stated to Plaintiff that HMA was entitled to a mileage offset under California Civil Code § 1793.2(d)(2)(C); (2) by allegedly miscalculating the mileage offset as to Plaintiff; and (3) by stating that HMA was entitled to seek reimbursement or repair for damage to Plaintiff's vehicle other than normal wear and tear.

Plaintiff's claim that a manufacturer is not entitled to any mileage offset when a vehicle is out of service for repairs for 30 days or more lacks support in the law. Moreover, Plaintiff's construction of Song-Beverly would essentially render the mileage offset a complete nullity and must be rejected.

With regard to the claim based on the alleged improper calculation of the mileage offset, Plaintiff's claim that HMA had a "systematic" policy of failing to follow Civil Code § 1793.2(d)(2)(C) in calculating the mileage offset fails to satisfy Rule 9(b), is not supported by the allegations and is contradicted by Plaintiff's own factual admissions.

Despite Plaintiff's new allegations that her vehicle has "exterior damage that breaks the paint, exterior damage that cannot be hidden by a credit card, tears and a minor burn mark that is less than the size of a dime on the interior upholstery," the allegations fail to save her claim because as in the original complaint, Plaintiff has failed to adequately plead any actual or imminent injury to her rights under the Song-Beverly Act caused by Hyundai's statement that it was entitled to seek "***reimbursement***" for the repair of damage on Plaintiff's vehicle other than normal wear and tear.  Aside from the inherently speculative nature of the claim, the relevant correspondence do not support Plaintiff's claim that HMA would have "***deducted***" from the amount it had calculated as due to Plaintiff (*i.e.*, $4,224.39) the amount of the damage HMA may have assessed had Plaintiff delivered her vehicle

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

1

MEMO. OF Ps & As ISO HMA'S MOTION
TO DISMISS FIRST AM. COMPL.
PURSUANT TO F.R.C.P. 12(b)(6) AND 9(b)

to HMA as agreed.  As this Court has held in this case, Song-Beverly does not permit a deduction for excess wear and tear, but Song-Beverly does not prohibit a manufacturer from separately seeking reimbursement for excess wear and tear or other damage or theft to a vehicle that is returned by a customer.

Because the derivative claims under California's Unfair Competition Law and the Magnuson-Moss Warranty Act are based on the same alleged violations of Song-Beverly, the claims necessarily fail for the same reasons the Song-Beverly claim fails.  The UCL claim fails on independent grounds because Plaintiff's allegations and the relevant facts make clear that Plaintiff has no standing under the UCL and is not entitled to restitution from HMA.

In sum, Plaintiff's claims lack a meritorious or colorable legal basis.  HMA respectfully requests that the FAC, and all claims stated therein, be dismissed with prejudice as there is simply no basis in law or in fact for any of Plaintiff's claims and no amendment could save these claims.

## II.  **PROCEDURAL BACKGROUND**

On January 1, 2014, Plaintiff filed a putative "nationwide"[1] class action complaint alleging that HMA's offer to repurchase or replace Plaintiff's vehicle or the amount that HMA calculated as being due to Plaintiff were unlawful under California's Song-Beverly Consumer Warranty Act, §§ 1790, 1794 ("Song-

---

[1] Civil Code § 1793.2(d)(2) applies only to vehicles sold in California. *Cummins, Inc. v. Superior Court*, 36 Cal. 4th 478, 491 (2005) ("Nothing in subdivision (d)(2) [of Civil Code 1793.2] suggests the Legislature intended to broaden the coverage of the statute to vehicles sold outside the state."). Accordingly, there can never be a "nationwide" class certified in this action. Plaintiff is undoubtedly aware of this. *See* FAC ¶ 55 (defining Class 1 and Class 2 as "[a]ll persons in the United States *who purchased or leased in the State of California*[.]") (emphasis added).

It is evident Plaintiff's counsel deliberately chose this federal forum to bring this putative "nationwide" class action in an attempt to avoid Civil Code § 1794(c), which states that the civil penalties under that subdivision are not available "in any class action under Section 382 of the Code of Civil Procedure or under Section 1781, or with respect to a claim based solely on a breach of an implied warranty." Since HMA maintains a qualified third-party dispute resolution process, which is certified by the Department of Consumer Affairs, civil penalties pursuant to Civil Code § 1794(e)(2) are also not available.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

2

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

Beverly"); Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); Consumers Legal Remedies Act, Civ. Code § 1750 ("CLRA"); and Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("Magnuson-Moss").

On August 7, 2014, this Court granted HMA's Motion to Dismiss the original Complaint. The Court dismissed Plaintiff's CLRA claim with prejudice and the UCL claim to the extent it was based on Plaintiff's allegations regarding (1) reimbursement for vehicle registration for each year that the vehicle was in service; (2) reimbursement for GAP insurance; (3) reimbursement for collision damage insurance, and (4) reimbursement for service contracts. Other claims were dismissed without prejudice.

On September 12, 2014, Plaintiff filed the FAC.

## III.  RELEVANT FACTS AS ADMITTED BY PLAINTIFF OR FROM JUDICIALLY-NOTICEABLE DOCUMENTS

On May 9, 2011, Plaintiff purchased a new 2011 Hyundai Sonata. FAC ¶ 20. On August 26, 2013, after unsatisfactory repair attempts, Plaintiff demanded that HMA buy back her vehicle under California's lemon law. *Id.* ¶ 32. On September 30, 2013, approximately a month after Plaintiff demanded that HMA buy back her vehicle, HMA made an offer to Ms. Robbins to repurchase or replace her vehicle. *Id.* ¶ 38 & Ex. 1 thereto; *see also* Request for Judicial Notice in Support of Motion to Dismiss FAC, filed-concurrently herewith ("RJN"), Ex. A. In the September 30, 2013 offer to Plaintiff, HMA explained to Plaintiff that "HMA will receive the full statutory mileage offset" and that "the statutory mileage deduction" "is calculated by dividing the original purchase price of the vehicle by 120,000 miles and multiplying by the number of miles driven by you until the date of the first visit to the dealership for the correction of the relevant problem you sought to have addressed." RJN, Ex. A (emphasis added). HMA invited Plaintiff to notify HMA if she believed the "offer [was] incorrect in any way." *Id.*, at p. 3. On or about

LA2390470.1
222720-10001

3

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

October 1, 2013, Plaintiff *accepted* HMA's offer, electing to have her vehicle repurchased. *Id.*

Shortly after Plaintiff accepted HMA's offer, on October 7, 2013, HMA provided Plaintiff with the repurchase calculation set forth below indicating that the "[t]otal amount back to [Plaintiff]" would be $4,224.39 and again invited Plaintiff to ask "any questions." RJN, Ex. B; *see also* FAC, Ex. 2 thereto.

| | |
|---|---|
| Total payments made: | $14,814.39 |
| Down payment: | $3,000.00 |
| Minus mileage offset: | ($10,350.00) |
| Minus gap insurance: | ($750.00) |
| Minus Fidelity contract: | ($2,490.00) |
| **Total amount back to you:** | **$4,224.39** |
| **Payoff amount to lienholder:** | **$18,927.54** |

RJN, Ex. B. Though it is evident, based on the filing of this lawsuit, that Plaintiff believed HMA's offer to be incorrect and had questions regarding the offer or the repurchase amount HMA had calculated, for reasons not explained in the FAC, Plaintiff did not ask HMA about the repurchase offer or calculation but instead immediately forwarded on the calculation to one "David Rozinsky." *See* FAC, Ex. 2 thereto. This lawsuit followed soon thereafter.

## IV.   PLEADING STANDARD APPLICABLE TO PLAINTIFF'S CLAIMS

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)). Although courts must take as true all material facts alleged in a complaint and accept any reasonable inferences therefrom, courts need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Also, a court need not accept as true any allegations in a complaint that are contradicted by facts which

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

4

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

may be judicially noticed by the court.  *See Mullis v. U.S. Bankruptcy Court, Dist. of NV.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  A plaintiff may survive a motion to dismiss only if he has pled facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even under the liberal pleading standard of Rule 8(a)(2), the complaint must nudge the claims for relief "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (applying Rule 8(a)(2)).

Claims sounding in fraud are subject to the heightened pleading standard of Rule 9(b), requiring a plaintiff to state "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Gelgy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Rule 9(b) applies to any claims grounded in fraud irrespective of whether the substantive law is state or federal.  *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess*, 317 F.3d at 1103–04.  Where a plaintiff alleges in the complaint that the defendant has engaged in fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud." *Vess*, 317 F.3d at 1103.  In such cases,  a plaintiff cannot "escape the requirements" of Rule 9(b) by contending that a state statutory claim does not require a showing of fraud or by carefully avoiding the use of the "fraud" in her allegations, and the pleading of that claim *as a whole* must  satisfy the particularity requirement of Rule 9(b).  *Vess*, 317 F.3d at 1103; *Kearns*, 567 F.3d at 1122.

Here, it is clear that Plaintiff's claims, though based on an alleged violation of the Song-Berverly Consumer Warranty Act, Cal. Civ. Code §1793.2(d)(2), are

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

5

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

"grounded in fraud." *See, e.g.*, FAC ¶ 4 (alleging "Hyundai has routinely violated" Song-Beverly), ¶ 6 ("Hyundai has systematically violated California law"), ¶ 12 ("Hyundai employed a systemic policy of charging additional amounts"), ¶ 14 ("Hyundai, as a matter of corporate policy, expressly conditioned repurchase or replacement . . . on Plaintiff's and the other Class Members' acceptance of improper deductions"), ¶ 18 ("Hyundai has routinely violated the Song-Beverly Act"); ¶ 74 ("Hyundai was aware of its obligations yet failed to fulfill such obligation"); ¶ 80 ("Hyundai is aware that deductions from the repurchase price beyond that specifically authorized in Civil Code § 1793.2(d)(2) are not allowed"); ¶ 82 ("Hyundai has systematically demanded and improperly calculated an excessive offset"); ¶ 100 ("[S]ince 2010, if not before, Hyundai has known or should have known that it was improperly calculating the pre-delivery mileage offset by charging an excessive amount").

Although Plaintiff's claims do not even satisfy the Rule 8(a)(2) pleading standard because Plaintiff has failed to allege any claim that is legally cognizable under California law or for which Plaintiff has standing to allege, the FAC, which is grounded in fraud, also fails to allege "the who, what, when, where, and how" of the misconduct charged and should be dismissed under Rule 9(b).

## V.    DISCUSSION

### A.    Plaintiff's Claim that a Manufacturer Forfeits the Mileage Offset When a Repair Takes 30 Days or More Is Not Legally Cognizable.

Based on a premise that "a manufacturer and its repair facility must service and repair any vehicle so as to conform to the applicable warranties within 30 days," Plaintiff contends that when a repair attempt exceeds 30 days, unless a customer consents to further repairs in writing, a manufacturer is not entitled to the mileage offset set forth in Civil Code § 1793.2(d)(2)(C).  FAC ¶¶ 15-16 (citing Cal. Civ. Code§ 1793.2(b) and *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 407 (2003)), *id.* ¶¶ 88-95.  Plaintiff thus concludes "Hyundai's September 30, 2013

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

6

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

correspondence. . . failed to provide relief to Plaintiff for Hyundai's violation of California Civil Code § 1793.2(b) in [that] Defendant did not provide rescission and refund as a remedy for its violations on May 7, 2013 (down 30 days) and June 7 2013 (down 78 days)." *Id.* ¶ 48; *see also id.* ¶¶ 43, 88-95.

Plaintiff's claim lacks merit.

<u>First</u>, Song-Beverly does not support Plaintiff's theory.   Song-Beverly provides that "[i]f the manufacturer or its representative in this state is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts," the manufacturer shall either promptly replace the new motor vehicle or make restitution in accordance with Civil Code § 1793.2(b)(2)(A) or (B), respectively.   Cal. Civ. Code § 1793.2(b)(2).   In connection with the replacement or buy back, a manufacturer is entitled to a mileage offset.   *Id.* § 1793.2(b)(2)(C).   There is nothing in Song-Beverly that supports Plaintiff's claim that in connection with a replacement or buy back of a vehicle a manufacturer forfeits the mileage offset under Civil Code § 1793.2(d)(2)(C) when a manufacturer is not able to repair or service a vehicle within 30 days.   Indeed, given that Civil Code § 1793.2(b) *expressly* states that "[d]elay caused by conditions beyond the control of the manufacturer or its representatives shall serve to extend this 30-day requirement," Plaintiff's claim is meritless on its face.

<u>Second</u>, the claim is internally flawed because crediting Plaintiff's construction of Civil Code § 1793.2(b) would essentially render Civil Code § 1793.2(d)(2)(C) a nullity.   Where a manufacturer is *able* to service or repair a vehicle so as to conform the vehicle to the applicable warranties within 30 days, the mileage offset would not be triggered because the buyer would not be entitled to repurchase or replacement under the law.   At the same time, according to Plaintiff, where a manufacturer is *not* able to service or repair the vehicle so as to conform the vehicle to the applicable warranties within 30 days, the manufacturer is not entitled to the mileage offset calculation under Civil Code § 1793.2(d)(2)(C).   In other

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

words, if Plaintiff's construction were correct, whether or not the manufacturer repairs a motor vehicle within 30 days, there would be virtually no circumstance in which Cal. Civ. Code § 1793.2(d)(2)(C) would be triggered.

*Mocek*, cited by Plaintiff for her constrained construction, is inapposite as it simply stands for the proposition that "there is no requirement the seller be given an opportunity to repair when the implied warranty of merchantability is breached." *Mocek*, 114 Cal. App. 4th at 404.  On the other hand, *Ibrahim v. Ford Motor Co.*, 214 Cal.  App.  3d 878, 886 (1989) necessarily forecloses Plaintiff's claim that there is a maximum of 30 days within which any repair must be completed.

In *Ibrahim*, the court analyzed a prior version of Civil Code § 1793.2(e)(1), which set forth a rebuttable presumption that "a reasonable number of attempts" to conform the vehicle to the warranty had been made "if, within one year from delivery to the buyer or 12,000 miles, whichever occur[ed] first, either (A) the same nonconformity ha[d] been subject to repair four or more times by the manufacturer or its agents and the buyer ha[d] at least once directly notified the manufacturer of the need for the repair of the nonconformity, or (B) the vehicle [wa]s out of service by reason of repair of nonconformities by the manufacturer or its agents for a cumulative total of more than 30 calendar days since delivery of the vehicle to the buyer." *Ibrahim*, 214 Cal. App. 3d at 885.

Of this presumption, the *Ibrahim* court held:

> Neither 30 days in the shop nor 4 unsuccessful attempts at repairing a problem conclusively proves an entitlement to the remedy alternatives of subdivision (d) [of Civil Code § 1793.2]. Replacement or reimbursement is still dependent upon 'a reasonable number of attempts' to conform the vehicle to the warranty. . . . By enacting subdivision (e) **the Legislature has not decreed a per se, valid-in-all-circumstances, money-back guaranty for every purchaser whose new automobile has spent 30 days at the dealership for repairs, or who has suffered through four attempts to fix a problem; these are only markers on the path of reasonableness that the trier of fact must trod**.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

8

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

*Ibrahim*, 214 Cal. App. 3d at 886 (emphasis added).

Given *Ibrahim*'s clear holding that the presumption set forth in the prior version of Civil Code § 1793.2(e)(1) (now, in Civil Code § 1793.22) does not establish a bright line rule setting a maximum time within which repairs must be completed ***within*** one year or 12,000 miles (now, 18 months or 18,000 miles), there is likewise no "per se, valid-in-all-circumstances, money-back guaranty for every purchaser whose new automobile has spent 30 days at the dealership for repairs" ***after*** the one year or 12,000 miles (or 18 months or 18,000 miles) has elapsed. In other words, *Ibrahim* undermines the starting premise of Plaintiff's claim that the failure to service or repair a vehicle within 30 days automatically entitles a customer to the remedies under Song-Beverly and acts as a forfeiture of the manufacturer's right to a mileage offset.

Moreover, Plaintiff's own factual circumstances are not persuasive to support the claim. Plaintiff admitted in her own sworn Declaration, filed with the Court on May 30, 2014, that "[o]n or about June 11, 2013," when her vehicle was already at the dealer for repairs that eventually resulted in her vehicle being out of service for 78 days (and for which a rental car was provided), she told an HMA representative that she "just wanted the car fixed." Declaration of Plaintiff Lori Robbins ("Robbins Decl."), Doc. No. 26, ¶ 13 & Ex. 8 thereto; RJN, Ex. C (attaching copies of same). In essence, the wrongful conduct for which Plaintiff seeks redress is for a technical violation by HMA by not obtaining *in writing* her otherwise clear and unequivocal statement to HMA that she "just wanted the car fixed." FAC ¶ 56 (excluding from the putative Class II "those class members who agreed in writing to extend the time for completion of repairs beyond the 30-day requirement").

In sum, Plaintiff's claim for violation of Civil Code §§ 1793.2(d)(2) and 1794 based on a claim that it was unlawful for HMA to assert that it was entitled to any mileage offset pursuant to Civil Code § 1793.2(d)(2)(C) because the repair attempts

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

9

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

on May 7, 2013 and June 7, 2013 took 30 days or longer is legally infirm and must be dismissed with prejudice.

### B.      Plaintiff Fails to Allege Sufficient Facts Supporting Her Claim That HMA Miscalculated the Mileage Offset.

Plaintiff also alleges a claim, based on "information and belief," that "Hyundai employed a systemic policy" of "fail[ing] to use the buyer's first repair visit that gave rise to the non-conformity" for purposes of calculating the mileage offset pursuant to Cal. Civ. Code § 1793.2(d)(2)(C).  *See, e.g.*, FAC ¶¶ 6, 12, 14, 18, 82, 100.

California Civil Code § 1793.2(d)(2)(C) sets forth the formula that must be used by manufacturers to calculate the "amount directly attributable to use by the buyer," or the so-called "mileage offset," in connection with a repurchase or replacement of a vehicle pursuant to Song-Beverly.  Civil Code § 1793.2(d)(2)(C) states, in pertinent part, that "[t]he amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer <u>first</u> delivered the vehicle to the manufacturer. . . **for correction of the problem that gave rise to the nonconformity**."  Civ. Code § 1793.2(d)(2)(C) (emphases added).

Despite being styled as an express warranty claim, this claim is clearly grounded in fraud.  *See, e.g.*, FAC ¶¶ 6, 12, 14, 18, 82, 100 (alleging that HMA "systematically" and "routinely" employs such a policy).  However, the FAC fails to satisfy the pleading requirements of Rule 9(b).  For example, other than conclusory allegations regarding the alleged existence of a "systematic" "corporate policy" to willfully violate Civ. Code § 1793.2(d)(2)(C), on its face a highly dubious premise,

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

10

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

Plaintiff fails to identify "'the who, what, when, where, and how' of the misconduct charged." The claim must therefore be dismissed under Rule 9(b).

As a factual matter, Plaintiff is incorrect that in written correspondence to Plaintiff HMA provided "no explanation of how it arrived at the alleged mileage offset." FAC ¶ 8. In its offer letter, HMA clearly explained to Plaintiff that "the statutory mileage deduction" "is calculated by dividing the original purchase price of the vehicle by 120,000 miles and multiplying by the number of miles driven by you until the date of *the first visit to the dealership for the correction of the relevant problem you sought to have addressed*." RJN, Ex. A, at p. 1 (emphasis added). When HMA later provided the calculated amount just a few days later, HMA informed Plaintiff to let HMA "know if you have any questions." RJN, Ex. B. Instead of asking any questions to HMA, it appears Plaintiff immediately forwarded on the email to one "David Rozinsky." *Id.*

Aside from the erroneous factual allegation, with respect to Plaintiff's own circumstances, Plaintiff's allegations do little more than tie any and all "engine" issues ever complained of by Plaintiff and attribute them to a single nonconformity that Plaintiff then contends led to HMA's offer to repurchase Plaintiff's vehicle. FAC ¶¶ 41-42. But, in fact, based on the descriptions provided in the repair orders submitted by Plaintiff, it is more likely that the engine issues Plaintiff complained of at the time of the repairs on March 28, 2013 (at 55,184 miles) and on April 12, 2013 (at 56,324 miles) were resolved by the replacement of the entire engine short block assembly during the repairs performed from June 7, 2013 to August 15, 2013. Robbins Decl., Exs. 4 & 5 thereto; RJN, Ex. C (attaching copies of same).

Moreover, the allegation that HMA instituted a "systematic" policy to violate the law is specious on its face given Plaintiff's own allegations and admissions in the course of this litigation that HMA employees "use the Better Business Bureau ('BBB') California Lemon Law Summary and that they have no other written policy," *see* FAC at p. 3 fn. 2, which, as relevant to this issue, is consistent with

LA2390470.1
222720-10001

11

DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Civil Code § 1793.2(d)(2)(C), and Plaintiff has acknowledged that HMA has admitted to "evaluat[ing] each [Song-Beverly Act] case in good faith in accordance with the provision of the Song-Beverly Consumer Warranty Act[.]"  Pltf's Supp. Req. for Jud. Not., filed July 7, 2014, Doc. No. 34, at pp. 3 and 4;[2] RJN, Ex. D (attaching copies of same).

In sum, Plaintiff's claim that HMA had a "systematic" policy of failing to follow Civil Code § 1793.2(d)(2)(C) in calculating the mileage offset fails to satisfy Rule 9(b), is neither supported by the allegations or Plaintiff's own experience, and is contradicted by Plaintiff's own factual admissions.  The claim should be dismissed.

    **C.**    <u>**Plaintiff Lacks Standing to Allege a Claim Based on HMA's Statement In Regards to Damage "Other Than Normal Wear and Tear" and the Claim Is Unsupported by the Relevant Correspondence In Any Event.**</u>

In HMA's correspondence dated September 30, 2013, HMA advised Plaintiff that its offer to repurchase or replace Plaintiff's vehicle was conditioned upon Plaintiff's agreement to do, *inter alia*, the following:

> You will deliver the vehicle to a mutually agreed upon dealership with no damage other than normal wear and tear.  If any condition beyond normal wear and tear has not been corrected, you will be responsible for correcting it before the vehicle is surrendered to HMA, or you will be responsible for **reimbursing** HMA for the cost of repair.   All original equipment must be present at the time the vehicle is returned and any other exterior or interior damage corrected by you. . . . .

RJN, Ex. A (emphasis added).

Plaintiff alleges that HMA "improperly mandat[ed] certain deductions from the vehicles' statutorily mandated repurchase prices, such as requiring . . . deductions for 'any condition beyond normal wear and tear,' or alternatively,

---

[2] The Court previously disregarded the Supplemental Request for Judicial Notice because it contained supplemental briefing in violation of the Court's Standing Order.  *See* Docket No. 40.  The statements of fact contained therein nonetheless are judicial admissions that the Court may consider. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226, 227 (9th Cir. 1988) (statements of fact contained in a complaint or brief may be considered admissions of the party in the discretion of the district court).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

12

DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

requiring consumers to pay for any excess wear and tear repairs at their own expense before the subject vehicle is surrendered." FAC ¶ 5. In the FAC, Plaintiff alleges that her vehicle presently has "exterior damage that breaks the paint, exterior damage that cannot be hidden by a credit card, tears and a minor burn mark that is less than the size of a dime on the interior upholstery." *Id.* ¶ 47. Plaintiff alleges that she obtained an estimate "well in excess of $1,000 to repair" the damages she has identified. *Id.*

As before, Plaintiff has failed to adequately plead any actual or imminent injury to her rights under the Song-Beverly Act caused by Hyundai's statement that it was entitled to reimbursement, rather than a deduction, for the repair of damage other than normal wear and tear or to have the damages repaired by Plaintiff before surrendering the vehicle.

In *Warth v. Seldin*, 422 U.S. 490 (1975), the Supreme Court held that to establish Article III standing, a plaintiff "must allege a distinct and palpable injury *to himself*." *Id.* at 501 (emphasis added). "[T]he remote possibility, unsubstantiated by allegations of fact, that [her] situation might have been better had respondents acted otherwise, and might improve were the court to afford relief" is insufficient to establish standing. *Id.* at 507.

As in the prior complaint, Plaintiff has alleged nothing more than the speculative possibility that had Plaintiff delivered her vehicle to HMA, that HMA would have assessed the damages she claims to have in her vehicle and then deducted the assessed damage amount from the repurchase amount. *See* FAC ¶¶ 19-38. Indeed, Plaintiff does not allege that HMA actually collects or requires repair of damage other than normal wear and tear on *any* systematic basis. Instead, Plaintiff attempts to artfully plead around the issue by alleging that HMA "uniformly and improperly *demand*" or "improperly *mandate*" payment for or repair of the damage without pleading any facts as to whether and to what extent HMA ever actually collected or required a customer to repair damage other than normal wear and tear.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

13

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

1   *See, e.g.*, FAC ¶¶ 5 & fn. 2, 13, 14, 17, 18, 44-47, 73, 81, 100, 101.

2          As the Court previously held in ruling on HMA's prior Motion to Dismiss,

3   the mere statement by HMA that it was entitled to deduct for excess wear and tear is

4   insufficient to establish standing or an actual or imminent injury to Plaintiff's rights

5   under Song-Beverly.  This fatal defect is not cured in the FAC as Plaintiff still has

6   failed to alleged an actual or imminent injury to Plaintiff's rights under Song-

7   Beverly based upon HMA's statement that its repurchase offer was conditioned

8   upon Plaintiff's agreement to deliver the vehicle to a mutually agreed upon

9   dealership with no damage other than normal wear and tear.

10          Moreover, the claim that HMA would have deducted from the calculated

11  repurchase amount any damage to the vehicle other than normal wear and tear is not

12  supported by the facts.  Neither HMA's offer letter of September 30, 2013 nor

13  HMA's email of October 7, 2013 setting forth the repurchase amount supports

14  Plaintiff's claim that HMA would have deducted from the repurchase amount

15  (which HMA calculated to be $4,224.39) the amount later assessed (if any) for

16  damage "other than normal wear and tear."  HMA's offer letter of September 30,

17  2013 informed Plaintiff that HMA's offer was conditioned upon her agreement to

18  correct or reimburse HMA for the cost to repair any "damage other than normal

19  wear and tear" that might be assessed at the time the vehicle was surrendered.  RJN,

20  Ex. A.  HMA's email of October 7, 2013 does not indicate that the "amount back to

21  [Plaintiff]" would be reduced or deducted.  RJN, Ex. B.  Thus, not only is it entirely

22  speculative that HMA would have assessed the damages Plaintiff now identifies in

23  her FAC, it is also entirely speculative that HMA would have resorted to a "self-

24  help" remedy by reducing the $4,224.39 amount it had calculated under Song-

25  Beverly to account for any such damages.[3]

26  _____

27          [3] Although the issue is premature, to the extent Plaintiff would recover any
    damages under Song-Beverly, HMA may have an equitable right to offset any such
28  damages for the damage she claims to have caused to her vehicle that is not related
    to the alleged nonconformity.  *See Ibrahim*, 214 Cal. App. 3d at  898 (stating that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

14

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

For the reasons set forth, Plaintiff has not suffered any injury in fact caused by Hyundai's statement that it was entitled to reimbursement for the repair of damage other than normal wear and tear or to have the damages repaired by Plaintiff before surrendering the vehicle; nor do the facts support an inference that HMA would have deducted from the repurchase amount of $4,224.39 the amount later assessed (if any) for damage "other than normal wear and tear." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (an "injury in fact" which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" is one of the three "irreducible constitutional minimum" requirements to establish standing).

### D.   Plaintiff's UCL Claim Must Be Dismissed.

To state a claim under the UCL, Plaintiff must allege that she "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  Under the UCL, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that that economic injury was the result of, *i.e.*, caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011).

Because Plaintiff's UCL claim is based entirely on an alleged violation of Song-Beverly, *see* FAC ¶¶ 96-110, the UCL claim must necessarily fail for the same reasons the Song-Beverly claim fails.  *See Berenblat v. Apple, Inc.*, Nos. 08-4969, 09-1649, 2010 U.S. Dist. LEXIS 46052, at *18 (N.D. Cal. Apr. 7, 2010) ("Without a predicate violation, . . . the UCL claim as to the unlawful prong cannot be sustained."); *Ahmad v. Countrywide Home Loans, Inc.*, No. No. 2:12-cv-1331 MCE, 2013 U.S. Dist. LEXIS 67995, at *7 (E.D. Cal. May 13, 2013) ("Because the UCL

---

"the rules regulating the equitable right of setoff" is applicable in the context of Song-Beverly and the Commercial Code.) (citing *Jess v. Herrmann*, 26 Cal.3d 131, 142-143 (1979); *Kruger v. Wells Fargo Bank*, 11 Cal.3d 352, 363 (1974)).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

15

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

claim is predicated on the same conduct giving rise to plaintiff's other causes of action, all of which are subject to dismissal, the UCL claim fails as well.").

In addition, based on the allegations, it is evident that Plaintiff cannot establish she suffered injury that resulted in the loss of money or property that was caused by the allegedly unfair practice that is the gravamen of the FAC to assert a viable UCL claim.  It cannot be disputed that HMA *has not deducted* from any amounts owing to Plaintiff for the pre-delivery mileage offset and Plaintiff *has not paid* any sums to HMA for damages other than normal wear and tear.  Indeed, in this action, Plaintiff does not seek the *return* of any money she claims she improperly paid to HMA nor does Plaintiff allege that HMA paid her any sum of money that was less than that to which she was entitled on account of the conduct she claims was unfair, fraudulent or unlawful.  Thus, not only does Plaintiff lack standing to assert a UCL claim, she is also not entitled to any restitution under the UCL.  *See In re Google AdWords Litig.*, No. 08-3369-EJD, 2012 U.S. Dist. LEXIS 1216, at *50 (N.D. Cal. Jan. 5, 2012) ("Since the purpose of restitution is to return class members to status quo, the amount of restitution due must account for the benefits received . . . ."); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (restitution under California's Unfair Competition Law compels a "defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.") (quoting *Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 126-27 (2000)).

The UCL claim should be dismissed with prejudice.

**E.      Plaintiff's Claim Under the Magnuson-Moss Warranty Act Fails.**

Plaintiff alleges a cause of action under the Magnuson-Moss Warranty Act (MMWA).  15 U.S.C. § 2301 *et seq.*  Since Plaintiff's claims under Song-Beverly are subject to dismissal, as set forth above, so too is Plaintiff's companion claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.  See Clemens v.*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

16

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)

*DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[the] disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 833 (2006) ("the trial court correctly concluded that failure to state a warranty claim under state law necessarily constituted a failure to state a claim under Magnuson-Moss.").

## VI.   <u>CONCLUSION</u>

For the reasons stated above and as may be further supplemented in its reply brief and at the hearing, HMA respectfully requests that the Court dismiss the FAC with prejudice.

Dated:  October 10, 2014                    LOEB & LOEB LLP
                                            MICHAEL L. MALLOW
                                            DARLENE M. CHO


                                            By:  /s/ Michael L. Mallow
                                                 Michael L. Mallow
                                                 Attorneys for Defendant
                                                 HYUNDAI MOTOR AMERICA

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2390470.1
222720-10001

17

DEFENDANT HYUNDAI MOTOR
AMERICA'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6)