1  **Michael Mallow (SBN 188745)**
   **mmallow@sidley.com**
2  **Darlene M. Cho (SBN 251167)**
   **dcho@sidley.com**
3  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
4  **Los Angeles, California  90013**
   **Telephone:  (213) 896-6000**
5  **Facsimile:  (213) 896-6600**

6  **Attorneys for Defendant**
   **HYUNDAI MOTOR AMERICA**

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 LORI ROBBINS, on behalf of herself      ) Case No. SACV14-00005 JLS (ANx)
   and all others similarly situated,       )
12                                          ) Assigned to: Hon. Josephine L. Staton
              Plaintiff,                    )
13                                          ) **DISCOVERY MATTER**
   vs.                                      )
14                                          )
   HYUNDAI MOTOR AMERICA and                ) **STIPULATED PROTECTIVE**
15 HYUNDAI MOTOR COMPANY,                   ) **ORDER**
                                            )
16            Defendants.                   )
                                            )
17 ─────────────────────────────────────────)

18

19

20

21

22

23

24

25

26

27

28

1. **PURPOSES AND LIMITATIONS**

      WHEREAS Defendant Hyundai Motor America ("HMA") and Plaintiff Lori Robbins ("Plaintiff") (together, the "Parties") anticipate that they may produce certain "CONFIDENTIAL or HIGHLY CONFIDENTIAL Material," as defined below, in their responses to written discovery, during deposition testimony, during confidential settlement discussions, or in response to other requests in the matter captioned *Lori Robbins v. Hyundai Motor America* (Case No.: SACV14-00005 JLS (ANx)) (the "Action"), HMA and Plaintiff, through their undersigned counsel, hereby stipulate to and petition the Court to enter a Protective Order, as stipulated by the Parties (the "Agreement") and set forth below. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5, the Court's Standing Order, and the Court's Pilot Program Instructions for Filing Under Seal Documents set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

      2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2   <u>"CONFIDENTIAL" Material</u>: information considered to be Confidential Material includes any information that a party or third-party believes in good faith to be confidential or sensitive, including, but not limited to, development, financial, technical, marketing, planning, personal, commercial, or proprietary information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7) (regardless of how it is generated,

stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   "HIGHLY CONFIDENTIAL" Material: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets, research, design, or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Notwithstanding the foregoing, Hyundai computer source code and related materials, or similar highly sensitive materials requiring special protection, may be subject to additional forms of protection pursuant to further order of this Court.

2.4   Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures, responses to discovery, depositions, or settlement discussions, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.6   Direct Competitor: Any company that designs, manufactures, or distributes automobiles.  "Direct Competitor" does not include any car dealership that sells new or used cars at the retail level.

2.7   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery, depositions, or settlement discussions in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  Highly Confidential Material shall not be disclosed to any experts or consultants who are current employees of a Direct Competitor of any Hyundai entities. With respect to outside experts or consultants who were employed by a Direct Competitor of any of the Hyundai entities named in the Action within one (1) year from the date of the filing of the Complaint in this action (*i.e.*, January 2, 2014), Highly Confidential Material may be shared with those experts or consultants only after counsel for HMA in the litigation are given at least twenty (20) days prior written notice of the identity of the expert or consultant to whom such Highly Confidential Material is to be disclosed (including his or her name, address, current job title and the names of any Direct Competitors by which he has been employed) and there is no objection made to disclosure.  If HMA objects to the disclosure of the Highly Confidential Material, no disclosure of any Highly Confidential Material shall be made unless and until resolution of such objection has been reached. Notwithstanding paragraphs 7.2(c) and 7.3(b), Confidential Material or Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party with prosecuting or defending this Action.

2.9    In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which

has appeared on behalf of that party.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material, including from discussions by the Parties or their Counsel about Protected Material; (3) any testimony by Parties that reveal Protected Material; or (4) any Powerpoint or similar presentations given in the course of this litigation by the Parties or their Counsel that reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who represents to the Receiving Party that the source obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

       (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or by notifying counsel of record for all parties in writing within fifteen (15) days after receipt of the transcript that designated portions of the transcript are protected.

       (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  To the extent the Receiving Party has filed qualified information or items with the Court before the Designating Party notifies the Receiving Party of the Designating Party's inadvertent failure to designate the information or items as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the Receiving Party shall not be obligated to place the filed information or items under seal.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating

7

Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. In accordance with Civil Local Rule 37-1, the Parties shall confer in person at the office of the Designating Party's counsel, unless the parties agree to meet someplace else, in an attempt to resolve each challenge in good faith. Unless relieved by written order of the Court upon good cause shown, counsel for the Designating Party shall confer with counsel for the Challenging Party within ten (10) days after the Challenging Party serves a letter requesting such conference. The Challenging Party's letter shall identify, by reference to bates-numbers where applicable, the designated material being challenged, each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the Challenging Party's position (and provide any legal authority which the Challenging Party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, in accordance with Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, the Court's Standing Order, and the Court's Pilot Program Instructions for Filing Under Seal Documents, if applicable), within twenty-one (21) days of the Parties agreeing that the meet and confer process will not resolve their dispute, the Designating Party shall personally deliver or e-mail the Designating Party's portion of the joint stipulation required by Civil Local Rule 37-2.1, together with all declarations and exhibits to be offered in support of the Designating Party's position. Within twenty-one (21) days of receipt of the Designating Party's material, counsel for the Challenging Party shall personally deliver or e-mail to counsel for the Designating Party the Challenging Party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the Challenging Party's position. After the Challenging Party's material is added to the stipulation by the Designating Party's counsel, the stipulation shall be provided to Challenging Party, who shall sign it (electronically or otherwise) and return it to counsel for the Designating Party no later than the end of the next business day, so that it can be filed with the notice of motion.

6.4     The burden of persuasion in any proceeding challenging a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be on the Designating Party.  Any frivolous challenges made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case

only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below, "FINAL DISPOSITION."

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or item designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

(a)    The Court, persons employed by the Court who are necessary for the handling of the Action, and court reporters, and their staff, transcribing the testimony or argument at a hearing, trial or deposition in this litigation or any appeal therefrom;

(b)    Counsel of record in this litigation, as well as attorneys employed by counsel of record in this litigation, paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel. Counsel of record shall be responsible to ensure that the supervised personnel comply with the terms of this Order;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Individual named plaintiffs who have a need to know such information for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or item designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

(a)     Counsel of record in this litigation, as well as attorneys employed by counsel of record in this litigation, paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel. Counsel of record shall be responsible to ensure that the supervised personnel comply with the terms of this Order;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     The Court, persons employed by the Court who are necessary for the handling of the litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this litigation or any appeal therefrom;

(d)     Court reporters and their staff, professional jury or trial

consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f)     Any person indicated by a document marked as Highly Confidential Material to be an author, addressee, or copy recipient of the Highly Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Material.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information or item designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) inform the person or persons to whom unauthorized disclosures were made of the existence of this Stipulated Protective Order, and (c) use his/her/its best efforts to obtain written confirmation from the person or persons to whom unauthorized disclosures were made that he/she has destroyed any Protected Material received from the Receiving Party and has not transmitted, in whole or in part, any Protected Material to any other person or persons.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

Pursuant to Federal Rule of Evidence 502(b) & (e), the Parties hereby agree that any inadvertently produced document in a production in the litigation shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind. "Inadvertently Produced Document" is a document produced to a Party or Non-Party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.  *See* Fed. R. Evid. 502(g).

**12.**   **MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it/he/she otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, including, but not limited to (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. A Party that seeks to file any such Protected Material

must comply with Civil Local Rule 79-5, the Court's Standing Order, and the Court's Pilot Program Instructions for Filing Under Seal Documents. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 13.    FINAL DISPOSITION

13.1    Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subsection, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline, or upon request by a Producing Party, whichever is later, that: (1) certifies all the Protected Material (which the Producing Party may, but is not obligated to, identify for the Receiving Party by bates-number and categories) was either returned to the Designating Party or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, "DURATION."

///

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 27, 2015                    STRATEGIC LEGAL PRACTICES, APC


                                         By:  */s/ Payan Shahian*
                                         Payam Shahian
                                         Attorneys for Plaintiff LORI ROBBINS

Dated: April 27, 2015                    O'CONNOR & MIKHOV LLP


                                         By:  */s/ Mark D. O'Connor*
                                         Mark D. O'Connor
                                         Steve B. Mikhov
                                         Attorneys for Plaintiff LORI ROBBINS

Dated: April 27, 2015                    ECOTECH LAW GROUP, P.C.


                                         By:  */s/ Dara Tabesh*
                                         Dara Tabesh
                                         Attorneys for Plaintiff LORI ROBBINS

Dated: April 27, 2015                    GIELEGHEM LAW OFFICE


                                         By:  */s/ Neil Gieleghem*
                                         Neil Gieleghem
                                         Attorneys for Plaintiff LORI ROBBINS

Dated: April 27, 2015                    SIDLEY AUSTIN LLP


                                         By:  */s/ Michael L. Mallow*
                                         Michael L. Mallow
                                         Attorneys for Defendant
                                         HYUNDAI MOTOR AMERICA

## **Attestation by E-Filer**

In compliance with C.D. Cal. L.R. 5-4.3.4, Michael L. Mallow, the ECF user whose identification and password are being used to file this document, hereby attests that all signatories have concurred in the filing of this document.

Dated: April 27, 2015                    SIDLEY AUSTIN LLP


                                    By:  /s/ Michael L. Mallow
                                         Michael L. Mallow
                                         Attorneys for Defendant
                                         HYUNDAI MOTOR AMERICA


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



                                     Hon. Jay C. Gandhi
                                     U.S. Magistrate Judge

1
2

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19

| | |
|---|---|
| LORI ROBBINS, on behalf of herself and all others similarly situated, | ) Case No. SACV14-00005 JLS (ANx) |
|       Plaintiff, | ) Assigned to: Hon. Josephine L. Staton |
| vs. | ) **ACKNOWLEDGEMENT OF** |
| HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY, | ) **STIPULATED PROTECTIVE ORDER AND AGREEMENT TO BE** |
|       Defendants. | ) **BOUND** |

20
21
22
23
24
25
26
27
28

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in

the above-captioned case.

1         I agree to comply with and to be bound by all the terms of this Stipulated

2    Protective Order, and I understand and acknowledge that failure to so comply could

3    expose me to sanctions and punishment in the nature of contempt. I solemnly promise

4    that I will not disclose in any manner any information or item that is subject to this

5    Stipulated Protective Order to any person or entity except in strict compliance with the

6    provisions of this Order.

7         I further agree to submit to the jurisdiction of the United States District Court

8    for the Central District of California for the purpose of enforcing the terms of this

9    Stipulated Protective Order, even if such enforcement proceedings occur after

10   termination of this action.

11        I hereby appoint _____ [print or type full name] of

12   _____ [print or type full

13   address], phone number _____ [print or type telephone

14   number], as my California agent for service of process in connection with this action

15   or any proceedings related to enforcement of this Stipulated Protective Order.

16   Date: _____

17   City and State where sworn and signed: _____

18

19                    Printed name: _____

20                            [printed name]

21                    _____

22                    _____

23                    _____

                     [telephone number]

24

25                    Signature: _____

26

27

28

ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER AND AGREEMENT TO BE BOUND